### WILLIAM ASTOR v. WILLIAM HELLER, SHERIFF OF HUDSON COUNTY.

1. The sheriff returned a summons duly served personally on the defendant. The declaration in the first count alleges such return, that thereupon the plaintiff entered judgment in the suit, and that the return of the sheriff was a false return.

2. The second count is like the first, except that it is alleged that the sheriff, although he returned the summons served, failed and neglected to make any service thereof upon the defendant, and that defendant did not appear to the suit.

3. The first count is faulty; the service may have been false in the respect that it was not a personal service, yet a legal service which would support the judgment, so that no damage resulted.

4. The allegation in the second count, that no service was made, shows a legal cause of action.

5. The demurrer being general to both counts, it must be overruled.

On demurrer.

Argued at June Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff, *Bentley & Gedney.*

For the defendant, *McDermott & Fisk.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The first count of the declaration sets out that a writ of summons in tort was issued out of the Supreme Court of this state, at the suit of William Astor, the plaintiff, against Herman Brede, and delivered to the defendant, Heller, sheriff of the county of Hudson, for service; that the sheriff deputized one Peter Wedin to serve it, and that the said summons was returned by said sheriff by his special deputy "served personally Nov. 14th, 1896, on Herman Brede, personally, by reading the same to him and giving to him a copy thereof;" that the said Peter Wedin returned with the said summons an affidavit made by him that he served said Brede, on the 14th day of November, 1896, with a true copy of the summons and declaration in the cause; that such further proceedings were taken in the cause that final judgment in favor of said Astor, and against said Brede, was entered on the 4th of February, 1897; that the said sheriff made a false return to the said writ of summons, and that by reason thereof the said Brede did not appear in the Supreme Court to answer to the said writ, by means whereof the said Astor was greatly injured.

This count in the declaration shows no legal cause of action. It does not aver in what respect the return was false or injurious to Astor.   The return may have been false in stating

that the summons was served personally, and yet it may have been a legal service and the judgment obtained thereupon may in all respects be valid and binding.

This count, therefore, alleges no actionable wrong or failure on the part of the sheriff to perform his duty.

The second count contains the like averments except that it alleges that the sheriff wholly failed and neglected to serve the summons.

The judgment, therefore, which Astor obtained against Brede, upon the supposition that the summons had been served, is without force or validity. In this count the averments are sufficient to charge the sheriff with actionable negligence, by which Astor has been injured.

The demurrer is general to both counts of the declaration, and therefore one count being good, the demurrer must be overruled, with costs.